UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CAMERON BARTL,

    Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA; et al.,

    Defendants.

3:13-cv-0380-LRH-WCG

ORDER

Before the court is plaintiff Cameron Bartl's ("Bartl") motion to remand. Doc. #10.[1] Defendant SafeCo Insurance Company of America ("SafeCo") filed an opposition (Doc. #16) to which Bartl replied (Doc. #18).

**I.**    **Facts and Procedural History**

On June 14, 2013, Bartl filed a complaint in state court against defendants for breach of his homeowner's insurance policy arising from an incident in which a car crashed into his home. Doc. #1, Exhibit A. Defendant SafeCo removed the action to federal court based upon diversity jurisdiction. Doc. #1. Thereafter, Bartl filed the present motion to remand contending that (1) SafeCo did not timely file its petition for removal and (2) that the $75,000 amount in controversy has not been met. Doc. #10.

---

[1] Refers to the court's docket entry number.

**II.     Legal Standard**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). In a diversity case, if a complaint does not specify the amount of damages, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Removal of a case to a district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**III.    Discussion**

**A. Timeliness**

A petitioning defendant must file a removal petition within thirty days after being served with a complaint. 28 U.S.C. § 1446(b). The time for each defendant begins to run when they are personally served with the complaint. *See Coleman v. Assurant, Inc.*, 463 F.Supp.2d 1164, 1166 (D. Nev. 2006). Here, SafeCo received notice of the complaint on June 17, 2013, and filed its notice of removal on July 16, 2013, within the thirty day time limit.

Bartl argues that the time for removal began to run when defendant Nationstar Mortgage ("Nationstar) was served on June 14, 2013, thereby making SafeCo's subsequent removal untimely. *See* Doc. #10. However, the Ninth Circuit does not follow the "first-served" rule advocated by Bartl

2

which requires removal to occur within thirty days after the first defendant has been served. *See United Steel v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008); *see also, Coleman*, 463 F.Supp.2d at 1166 ("More recently, circuit and district courts have begun to favor the later-served defendant rule which allows a later served defendant [to have] 30 days from the date of service to remove a case to federal district court."). Accordingly, the court finds that SafeCo's removal was timely.

### B. Amount in Controversy

In his motion, Bartl concedes that the parties are diverse for diversity jurisdiction purposes, but argues that SafeCo's notice of removal is insufficient to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *See* Doc. #10. Bartl's complaint only requests damages in excess of $10,000.00 as required under the Nevada Rules of Civil Procedure. Further, his actual damages are relatively unknown because he has already received roughly $100,000.00 in compensation from his insurance policy which has a maximum limit of $149,000. This leaves only roughly $49,000 of the remaining insurance policy proceeds in question, well below the jurisdictional threshold.

SafeCo argues that Bartl's initial settlement offer of $230,000, and his subsequent claim for punitive damages, is sufficient to establish the amount in controversy and thereby diversity jurisdiction. However, Bartl's pre-suit settlement request does not establish the actual amount in controversy once the suit is filed. Additionally, the mere possibility of a punitive damages award is not sufficient to prove that the amount in controversy has been met. Rather, SafeCo must present evidence that an award of punitive damages is a supportable claim in this action and that it is likely that the amount of punitive damages, more likely than not, exceeds the amount needed to increase the amount in controversy to $75,000. *See McCaa v. Massachusetts Mutual Life Insurance Company*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004); *see also, Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

1   Here, SafeCo has failed to provide the court with sufficient evidence to establish that the
2   amount in controversy will be exceeded by Bartl's punitive damages claim. Therefore, the court
3   finds that SafeCo has failed to meet its burden to prove that the amount in controversy has been
4   met. Accordingly, this action shall be remanded for lack of jurisdiction.

6   IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #10) is
7   GRANTED. The clerk of court shall REMAND this action, 3:13-cv-0380-LRH-WGC, to the
8   Second Judicial District Court for the State of Nevada.
9   IT IS SO ORDERED.
10   DATED this 27th day of September, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4